## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

HORACE LEE GRIFFIN, :

    Plaintiff, :

vs. : CA 08-0592-CG-C

WARDEN GOODMAN, et al., :

    Defendants.

## REPORT AND RECOMMENDATION

This prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action without prejudice based upon plaintiff's failure to prosecute this action and comply with the Court's September 28, 2010 order.

By order dated September 28, 2010, the undersigned instructed Griffin to file a second amended complaint on the Court's § 1983 complaint form due to his failure to state a claim against each named defendant. (Doc. 15, at 2). The Court extended plaintiff a period of time up to and including October 28, 2010 to file the second amended complaint and warned him that a failure to comply with the order within the prescribed time would result in the "recommendation of dismissal of [the] action without prejudice." (*Id*. at 4; *see also id*. at 2-3; *see id.* at 4 ("Furthermore, plaintiff is **ORDERED** to advise

the Court, in writing, on or before **October 28, 2010** if he is interested in continuing the litigation in this matter. The failure to advise the Court within the prescribed time will be treated as an abandonment of the prosecution of this action, and this action will be recommended for dismissal without prejudice. If plaintiff elects not to proceed with this action, he will be precluded from bringing it again because the two-year statute of limitations has expired, given the date of the incident, July 2, 2008 (Doc. 8) and July 2, 2008 to October 2, 2008 (Doc. 1), as provided by plaintiff."))

An action may be dismissed if the petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc*., 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, petitioner has not responded to any portion of the Court's order of September 28, 2010, as he has not filed a second-amended § 1983 complaint on the provided form nor has he informed the Court that he desires to continue this litigation by the court-ordered deadline of October 28, 2010. (*Compare* Docket Sheet *with* Doc. 15) Therefore, it is recommended that the Court **DISMISS** Griffin's civil rights action pursuant to Fed.R.Civ.P. 41(b) due to his failure to prosecute this action by obeying this

Court's lawful order.[1]

The instructions which follow the undersigned's signature contain information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 4th day of November, 2010.

    s/WILLIAM E. CASSADY
    **UNITED STATES MAGISTRATE JUDGE**

---

[1] In light of the contents of this report and recommendation, plaintiff's motion for leave to proceed without prepayment of fees (Doc. 14) is **MOOT**.

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. *Objection*. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).